**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 26, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GREGORY L. KESSLER,

        Petitioner-Appellant,

v.

SAM CLINE, Warden, Hutchinson
Correctional Facility, and STEPHEN
N. SIX, Attorney General for the State
of Kansas,

        Respondents-Appellees.

No. 09-3040

(D. of Kan.)

(D.C. No. 5:07-CV-3187-CM)

### ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **TACHA, TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

Gregory Kessler, a Kansas state prisoner proceeding pro se, appeals the

district court's denial of his 28 U.S.C. § 2254 petition for habeas relief. Because

Kessler cannot make a substantial showing that he was denied a constitutional

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

right, we DENY his application for a Certificate of Appealability (COA) and DISMISS his appeal. *See* 28 U.S.C. § 2253(c).

## I. Background

A Kansas jury convicted Kessler of two counts of aggravated indecent liberties with a child. The Kansas Supreme Court affirmed the conviction on direct review. *State v. Kessler*, 73 P.3d 761 (Kan. 2003). Kessler sought post-conviction relief in state court, and in his habeas petition in that action raised a number of arguments, including the same ineffective assistance of counsel claims at issue here. The district court denied Kessler's post-conviction petition, the Kansas Court of Appeals affirmed, and the Kansas Supreme Court denied review.

Kessler then filed this § 2254 habeas petition. After considering Kessler's arguments on the merits, the district court denied his petition.[1] This appeal followed.

Construing Kessler's pro se filing liberally, *see Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007), we discern two ineffective assistance of counsel claims. The first arises from his attorney's failure to file a motion to dismiss one of the counts for lack of sufficient evidence, and the second from the attorney's failure to cross-examine the victim regarding inconsistent testimony.

---

[1] Though the district court received Kessler's notice of appeal one day after the filing deadline, it was nevertheless timely under the prison mailbox rule. *See* Fed. R. App. P. 4(c)(1); *Price v. Philpot*, 420 F.3d 1158, 1166 (10th Cir. 2005).

## II.  Discussion

Kessler may not appeal the dismissal of his § 2254 petition unless we issue a COA. § 2253(c)(1)(A). A COA will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right," § 2253(c)(2), such that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

To prevail on his ineffective assistance of counsel claims, Kessler must show that his attorney's conduct was objectively unreasonable and that, but for this deficient performance, there is a reasonable probability the result would have been different.  *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).  In the district court's view, as well as in our view, he failed to do so.

Kessler first argues that because the state failed at the preliminary hearing to produce sufficient evidence to support both charges, counsel was ineffective for failing to file a motion to dismiss.  We agree with the district court that evidence at the preliminary hearing—particularly the victim's own testimony—could support two separate charges.  Kessler thus fails to show a reasonable probability that he would have prevailed had his attorney filed a motion to dismiss.  In short, counsel's performance was not deficient.

We also reject Kessler's assertion that counsel was ineffective at trial for failing to cross-examine the victim about prior inconsistent testimony.  The record shows that trial counsel in fact questioned the victim about certain prior statements

3

relating to when he had been touched inappropriately. In any event, the manner in which counsel cross-examines a particular witness is a strategic choice and therefore "virtually unchallengeable." *Strickland*, 466 U.S. at 690; *see Cannon v. Mullin*, 383 F.3d 1152, 1163–64 (10th Cir. 2004) (holding that counsel's failure to impeach a witness with inconsistent grand jury testimony did not rise to a Sixth Amendment violation). Reasonable jurists could not find counsel's cross-examination was objectively unreasonable so as to violate the Sixth Amendment, or that the Kansas state courts misapplied *Strickland* in analyzing this claim.

### III. Conclusion

For the foregoing reasons, we DECLINE to issue a COA and DISMISS Kessler's appeal.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge